

2010 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-23-2010

# Sang Goo Park v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-3755

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

Recommended Citation

"Sang Goo Park v. Atty Gen USA" (2010). *2010 Decisions.* Paper 1665.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/1665

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3755
_____

SANG GOO PARK; KIM
HEE PARK; JOO PARK,
                    Petitioners

v.

ATTORNEY GENERAL OF
THE UNITED STATES,
                    Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos. A097-848-624, A097-848-625, A097-848-626)
Immigration Judge:  Honorable Frederick G. Leeds

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 22, 2010

Before: MCKEE, FUENTES and NYGAARD, Circuit Judges

(Opinion filed: March 23, 2010)

_____

OPINION
_____

PER CURIAM

    Sang Goo Park, lead respondent, and his wife and son, petition for review of a

decision of the Board of Immigration Appeals. For the reasons below, we will deny the petition for review.

Park and his family entered the United States on 1999 on nonimmigrant visas. In June 2000, their visas were revoked. In 2003, Park applied to adjust his status to that of a permanent resident. In March 2006, the application was denied because Park had submitted fraudulent documents in support of his visa application. In July 2006, Park was charged as removable for overstaying his admission period and for submitting fraudulent documents to obtain a visa. Park admitted that he overstayed his admission period but denied the fraud charge. The IJ sustained the fraud charge and ordered Park removed to South Korea.[1] The BIA adopted the IJ's decision and dismissed the appeal. Park filed a timely petition for review and is proceeding pro se.

We have jurisdiction pursuant to 8 U.S.C. § 1252. The BIA adopted the IJ's decision and added its own reasoning. Thus, we review the decisions of both the IJ and the BIA. Jarbough v. Att'y Gen., 483 F. 3d 184, 191 (3d Cir. 2007). We review the BIA's factual determinations under the substantial evidence standard. Dia v. Ashcroft, 353 F.3d 228, 249 (3d Cir. 2003)(en banc). The BIA's findings are considered conclusive unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We exercise de novo review over the BIA's legal decisions. Toussaint v. Att'y Gen., 455 F.3d 409, 413 (3d Cir. 2006).

---

[1] Kim Hee and Joo Park were found removable for overstaying their admission period.

At the hearing, Park testified that he got the visa through a travel agency because the line at the Embassy was too long. A.R. at 71. He admitted that he was never employed at Daelin Electronics, the employer listed on his visa application. A.R. at 74, 76-77. He asserted that he was not aware that the information in his visa application was false. A.R. at 74-75. He stated that he did not look at the visa very carefully after receiving it from the travel agent and had no suspicions that the travel agency was not legitimate. A.R. at 78-80. While he first admitted that he signed forms for the visa, A.R. at 68, he later stated that he did not sign the visa application. A.R. at 75.[2]

The IJ rejected Park's argument that he relied on the travel agent who filled out the visa form and did not read it. The IJ noted that Park was an educated man and the form was only two pages long. The IJ pointed out Park's inconsistent testimony as to whether he signed the visa application. The BIA noted that the application was in both Korean and English. It observed that the application listed a different employer and type of employment than Park had in Korea and that this information was not a technical legal issue that Park would be unlikely to know. A.R. at 3.

Park argues that he was unaware that there was false information on his visa application. However, his testimony is not sufficient to compel a reasonable adjudicator to conclude that the BIA was wrong in finding the fraud to be willful. This finding is

---

[2] Before the BIA, Park argued that he signed a blank application.

supported by the evidence described above.[3]

Park also contends that the BIA and IJ failed to act on his application for adjustment of status. An alien must be admissible in order to adjust his status. 8 U.S.C. § 1255(a). Because Park willfully misrepresented a material fact in seeking admission into the United States, he is inadmissible and cannot adjust his status. 8 U.S.C. § 1182(a)(6)(C).[4]

For the above reasons, we will deny the petition for review.

---

[3] Park also argues that the BIA erred in finding that his wife and son committed fraud. The BIA, however, noted that Park's wife and son were found removable for overstaying their admission period.

[4] At the hearing Park's attorney agreed with the IJ that if the fraud charge was sustained, Park would not be able to pursue adjustment of status based on an approved labor certification. A.R. at 65-67.

4